GRACE C. MABIE, Respondent, v. THE HILLEBRAND ESTATE, INC., Appellant, Impleaded with JOHN F. SCHMADEKE, INC., and Others, Defendants.

Second Department, July 31, 1918.

**Landlord and tenant — liability of landlord for injury to pedestrian by stepping on cover of coal vault — evidence.**

In an action against a landlord to recover for personal injuries sustained by stepping on the cover of a coal vault in the sidewalk, evidence that at the time of the accident there was no chain attached to the cover does not justify the jury in inferring that the same condition existed at the time of the lease, where the defendant's treasurer testifies that there was a proper fastening at that time.

APPEAL by the defendant, The Hillebrand Estate, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of February, 1918, upon the verdict of a jury for $900, and also from an order entered in said clerk's office on the 7th day of March, 1918, denying defendant's motion for a new trial made upon the minutes.

*Edward J. Redington* [*Amos H. Stephens* with him on the brief], for the appellant.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and *L. Victor Fleckles* with him on the brief], for the respondent.

THOMAS, J.:

In April, 1914, the appellant leased the premises to Rosenthal and the tenant was in possession when the plaintiff, on November 10, 1915, stepping on the cover to the coal vault in the sidewalk, was let into the hole and injured. There is evidence from coal handlers that in August, October and November, 1915, the cover was unfastened, and that there was no chain attached to the cover, although the men did not go into the cellar, where the chain might have fallen. They did not see a ring on the cover, but that is too negative to be probative. A witness who aided plaintiff at the time of the accident testified that the cover was on the sidewalk without chain or fastening, and that he did not see ring or chain. Hillebrand, defendant's treasurer, testified that when the premises were leased there was a ring and chain on the cover. The tenant and a man who had worked for her six years, testified that the condition at the time of the accident was what it had been for a period covering the demise, and that such condition was that there were both ring and chain. The plaintiff argues that if the condition at the time of the accident was the same as at the time of the lease, the jury could find that there was no fastening when the premises were let. But that is a conclusion resting on a false premise. The defendant's evidence is that at the time of the accident there was a fastening and that it was so at the time of the lease. The jury could find that no chain was attached at the time of the accident, and that the tenant and Nathan were in error as to that, but could not infer from that error that the same condition was related to the time of lease when Hillebrand stated that there was a proper fastening. There is no dispute that if a proper fastening was there when the lease was made, the defendant is not liable.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.